# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | |
|---|---|
| **AUBREY DALE MILLS,** | |
| Plaintiff(s), | |
| v. | |
| **BLUE STAR CLAIMS MANAGEMENT, FAIRMONT SPECIALTY INSURANCE COMPANY a/k/a FAIRMONT GROUP, INC., UNITED STATES FIRE INSURANCE COMPANY,** | Civil Action No. _____ |
| Defendants. | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, *et seq.*, Defendants, Blue Star Claims Management, Fairmont Specialty Insurance Company improperly designated as "Fairmont Specialty Insurance Company a/k/a Fairmont Specialty Group, Inc.", and United States Fire Insurance Company, file this Notice of Removal hereby removing the above-styled action to the United States District Court for the Northern District of Alabama, Northwestern Division, and respectfully submit to the Court the following:

1. This action was commenced by the filing of a Complaint in the Circuit Court for Franklin County, Alabama on or about March 30, 2017, and was originally

Case 3:17-cv-00772-MHH   Document 1   Filed 05/11/17   Page 2 of 8

Mills, Aubrey Dale vs. Blue Star Claims Management, et al
Notice of Removal to Federal Court

pending in said Court as Civil Action Number CV-33-900081.  (A copy of the State Court Complaint is attached as **Exhibit "A"** to this notice of removal). The Complaint was amended on or about March 31, 2017.  (A copy of the State Court Amended Complaint is attached as **Exhibit "B"** to this notice of removal).

2. Based on the allegations of the Complaint and Amended Complaint, the case was not originally removable, but has since become removable, as discussed in greater detail below.

3. Plaintiff Aubrey Dale Mills filed the underlying lawsuit against Transco Express Corporation, Blue Star Claims Management, Fairmont Specialty Insurance Company a/k/a Fairmont Specialty Group, Inc., United States Fire Insurance Company, and various fictitious party defendants.

4. In Count I of the lawsuit, Mr. Mills made a claim for Workers' Compensation Benefits against Transco. (**Exhibit "A"**, pp. 1-2; **Exhibit "B"**, pp. 1-3). In Count II of the lawsuit, Mr. Mills has made claims for insurance benefits allegedly owed pursuant to an Occupational and Accident Insurance Policy against the Insurance Defendants (**Exhibit "A"**, p. 3; **Exhibit "B"**, p. 3).

5. This case was <u>not</u> initially removable pursuant to <u>Watson v. GE</u>, CV-12-S-2261-NE, Not Reported in F. Supp. 2d, 2012 WL 5931884 (N.D. Ala. 2012). In that case, the plaintiff sued his employer, General Electric, for workers' compensation benefits. <u>Id.</u> at *1. He amended to allege tort claims against a third party, RWC, Inc.,

Case 3:17-cv-00772-MHH   Document 1   Filed 05/11/17   Page 3 of 8

Mills, Aubrey Dale vs. Blue Star Claims Management, et al
Notice of Removal to Federal Court

who removed the case to federal court arguing the tort claim was fraudulently joined with the workers' compensation claim against GE. Watson, 2012 WL 5931118 at *1. RWC asserted that the claims were due to be severed under Alabama law, which made removal proper. Id. at *6. The Court noted that RWC failed its burden in showing the claims were fraudulently joined. Id. at *5. The Court found that "it is not certain that an Alabama trial judge would sever the claims, rather than try the case as a whole … Thus, remand is proper so that the state court may determine whether to sever the claims." Id. at 8.

6. In the instant case, Defendants Blue Star, Fairmont, and U.S. Fire moved the State Court to sever the claims against them from the workers' compensation claim against Transco and create a separate civil action number. (That motion and its exhibits are attached as **Exhibit "C"**). On May 2, 2017, the state Court granted that motion. (The Order is attached as **Exhibit "D"**). On May 10, 2017, the state Court then entered an order directing the Clerk of Court to use a redacted version of Plaintiff's amended complaint to establish a new and separate claim. (The Order is attached as **Exhibit "E"**).

7. The claims against Defendants Blue Star, Fairmont, and U.S. Fire have been severed from Civil Action Number CV-2017-900081 (the workers' compensation case) and are now pending in said Court as Civil Action Number CV-2017-900031.

Case 3:17-cv-00772-MHH   Document 1   Filed 05/11/17   Page 4 of 8

Mills, Aubrey Dale vs. Blue Star Claims Management, et al
Notice of Removal to Federal Court

Accordingly, the claims against Defendants Blue Star, Fairmont, and U.S. Fire are now removable.

8. This case is a civil action within the meaning of the Acts of Congress relating to the removal of causes. This action is removable pursuant to 28 U.S.C. § 1441(a).

9. First, this Court has original jurisdiction of the action and there is diversity of citizenship as between Aubrey Dale Mills, and Blue Star Claims Management, Fairmont Specialty Insurance Company a/k/a Fairmont Specialty Group, Inc., and United States Fire Insurance Company, as required by 28 U.S.C. § 1332 (a) as follows:

>  a. **Aubrey Dale Mills**: Plaintiff Aubrey Dale Mills is an individual resident citizen of the State of Alabama. (**Exhibit "A"**, p. 1 ¶ 1; **Exhibit "B"**, p. 1 ¶ 2);
>
>  b. **Blue Star Claims Management**: Defendant Blue Star Claims Management is the "Doing Business as" (DBA) name of Transtar Insurance Brokers, Inc. Transtar is a corporation that was incorporated in the State of Arizona and has its principal place of business in Arizona.
>
>  c. **Fairmont Specialty Insurance Company improperly designated as "Fairmont Specialty Insurance Company a/k/a**

Case 3:17-cv-00772-MHH   Document 1   Filed 05/11/17   Page 5 of 8

Mills, Aubrey Dale vs. Blue Star Claims Management, et al
Notice of Removal to Federal Court

**Fairmont Specialty Group, Inc."**: Defendant Fairmont Specialty Insurance Company is not also known as Fairmont Specialty Group, Inc. Fairmont Specialty Insurance Company was a corporation which was incorporated in the State of California with a principal place of business in Manchester, New Hampshire. In June 2015, Fairmont Specialty Insurance Company and Fairmont Premier Insurance Company were merged into TIG Insurance Company. TIG Insurance Company is a corporation that was incorporated in the State of California and has its principal place of business in Manchester, New Hampshire. Fairmont Specialty Group, Inc. has been dissolved.

d. **United States Fire Insurance Company**: Defendant United States Fire Insurance Company is a corporation that was incorporated in the State of Delaware and has its principal place of business in Morristown, New Jersey;

e. The residence of defendants named fictitiously is disregarded for purposes of determining diversity of citizenship. See 28 U.S.C. § 1441(b)(1).

10. Second, this case is being removed within the one (1) year limitation provided in 28 U.S.C § 1446 (c)(1).

Case 3:17-cv-00772-MHH   Document 1   Filed 05/11/17   Page 6 of 8

Mills, Aubrey Dale vs. Blue Star Claims Management, et al
Notice of Removal to Federal Court

11. Third, as to the amount in controversy requirement of 28 U.S.C. § 1332 (a), Plaintiff's Complaint is "indeterminate" because the Complaint does not set forth the exact amount of damages claimed, just that he is seeking "any and all benefits he is entitled pursuant to policy(ies) of occupational and accident insurance for which he purchased from the Defendants." (**Exhibit "A"**, p. 3; and **Exhibit "B"**, p. 3).

12. "An indeterminate complaint does not show that the case is not removable. It simply does not comment on federal jurisdiction." Robinson v. Quality Ins. Co., 633 F. Supp. 572, 574 (S.D. Ala. 1986). Thus, the Court has the "duty to independently determine the propriety of jurisdiction." Id. at 575. Moreover, "where a plaintiff has made an unspecified demand for damages, a lower burden of proof [as to the amount in controversy] is warranted because there is simply no estimate of damages to which a court may defer." Fuller v. Exxon Corp., 78 F. Supp. 2d 1289, 1298 (S.D. Ala. 1999).

13. Here, it is notable that, from a factual standpoint, Mr. Aubrey claims to have suffered "severe personal injuries and as a result is permanently and totally disabled." (**Exhibit "A"**, p. 2 ¶ 2; and **Exhibit "B"**, p. 2 ¶ 3). He further avers that he his average weekly wage was $2,000.00 a week. (**Exhibit "A"**, p. 2 ¶ 4; and **Exhibit "B"**, p. 2 ¶ 5). Thus his alleged wage loss satisfies the jurisdictional threshold where he was apparently making $104,000.00 a year in wages and now claims permanent and total disability.

Case 3:17-cv-00772-MHH   Document 1   Filed 05/11/17   Page 7 of 8

Mills, Aubrey Dale vs. Blue Star Claims Management, et al
Notice of Removal to Federal Court

14. Based on the foregoing, Defendants Blue Star Claims Management, Fairmont Specialty Insurance Company a/k/a Fairmont Specialty Group, Inc., and United States Fire Insurance Company are not a citizens of the forum state, , and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

15. Accordingly, pursuant to 28 U.S.C. §§ 1332 and 1441, as amended, this action is properly removed to this Court.

16. Pursuant to 28 U.S.C. § 1446(d), Defendants have caused a copy of this Notice of Removal to be filed with the clerk of the state court from which this cause was removed.

17. In addition, Defendants have attached to this notice a copy of the answer, as well as the motion to dismiss Blue Star Claims Management and Fairmont Specialty Insurance Company improperly designated as "Fairmont Specialty Insurance Company a/k/a Fairmont Specialty Group, Inc.", as **Exhibits "F"** and **"G"**.

Respectfully submitted,

/s/ William A. Austill
William A. Austill
Bar Number: AUS008

OF COUNSEL:
Austill Lewis Pipkin & Maddox, P.C.
P.O. Box 11927
Birmingham, AL  35202-1927
E-mail: baustill@maplaw.com

Case 3:17-cv-00772-MHH   Document 1   Filed 05/11/17   Page 8 of 8

Mills, Aubrey Dale vs. Blue Star Claims Management, et al
Notice of Removal to Federal Court

## CERTIFICATE OF SERVICE

I hereby certify that, on the 11th day of May, 2017, I have served a copy of the above and foregoing on counsel for all parties by:

☐ Facsimile transmission to the following;

☐ Hand delivery to the following;

☐ Placing a copy of same in the United States Mail, properly addressed and first class postage prepaid to the following:

☒ Using the Electronic Filing system which will send notification of such to the following:

Jeffrey L. Bowling
BEDFORD, ROGERS & BOWLING, PC
P.O. Box 669
Russellville, AL  35653
Email Address: jeffbrbpc@bellsouth.net
　Attorney For: Aubrey Mills

　　　　　　　　　　　　　　　　　　/s/ William A. Austill
　　　　　　　　　　　　　　　　　　OF COUNSEL